IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THURMAN REYNOLDS, ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | Magistrate |
| ) | |
| The CITY OF CHICAGO Illinois, a municipal ) | |
| corporation, Chicago Police Officers MICHAEL ) | |
| HIGGINS (#3766), JOHN FOERTSCH (#9195) ) | |
| JENNIFER BURMISTRZ (#14060) and ) | |
| JEFFREY LAWSON (#8353) ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

**PLAINTIFF THURMAN REYNOLD'S COMPLAINT**

NOW COMES Plaintiff THURMAN REYNOLDS (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Officers MICHAEL HIGGINS, JOHN FOERTSCH, JENNIFER BURMISTRZ, and JEFFREY LAWSON, and the CITY OF CHICAGO Illinois, a municipal corporation, states as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

1

## PARTIES

4. Plaintiff, THURMAN REYNOLDS, is a resident of HARVEY, Illinois.

5. At all relevant times Defendants MICHAEL HIGGINS, JOHN FOERTSCH, JENNIFER BURMISTRZ, and JEFFREY LAWSON ("Defendant Officers") were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants MICHAEL HIGGINS, JOHN FOERTSCH, JENNIFER BURMISTRZ, and JEFFREY LAWSON. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants MICHAEL HIGGINS, JOHN FOERTSCH, JENNIFER BURMISTRZ, and JEFFREY LAWSON on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. On March 31, 2018, Plaintiff driving his vehicle in the 11700 Block of South Michigan Avenue in Chicago.

8. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON were in their police vehicle on the 11700 Block of South Michigan.

9. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S police vehicle was stationary and not moving in the street.

10. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON did not have their emergency equipment activated.

11. Plaintiff waited for several moments for Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON to move their police vehicle so that he could continue driving.

12. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON did not move their vehicle.

13. Plaintiff proceeded to pass along the side of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S vehicle so that he could continue driving on his way.

14. As Plaintiff passed Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON, Plaintiff honked his horn single time to let them know that he was passing.

15. After Plaintiff passed Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON, he was later pulled over by Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON.

16. Prior to being pulled over, Plaintiff committed no traffic violations.

17. Plaintiff pulled his vehicle over and Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON exited their vehicle and approached Plaintiff.

18. Upon reaching Plaintiff's driver-side window, Plaintiff was asked for his license, registration and proof of insurance.

19. Plaintiff provided the Defendant Officers with the requested information.

20. Plaintiff was then instructed to exit his vehicle.

21. Plaintiff was asked why he honked his horn.

22. Plaintiff explained that he simply wanted to pass the Defendant Officers and honked to let them know.

23. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON began to search Plaintiff's vehicle.

24. Plaintiff was then told that narcotics were found in his vehicle and he was being arrested.

25. Plaintiff did not possess any narcotics on his person nor in any item that he owned.

26. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON fabricated police reports and falsely stated that they found narcotics in a jacket belonging to Plaintiff.

27. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON also falsely claimed that they pulled Plaintiff's vehicle over because he was driving on the street honking his horn for no reason after he passed the Defendant Officers' vehicle.

28. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON knew that the charges they placed on Plaintiff were false and did so anyway.

29. As a result of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S fabricating evidence and placing false charges on Plaintiff, Plaintiff had to hire an attorney to represent him in his criminal case.

30. On June 6, 2019, the criminal charges against Plaintiff were dismissed in his favor.

31. Plaintiff suffered damages as a result of this incident.

## COUNT I
### (42 U.S.C. § 1983 – Unlawful Seizure)
### Against Defendants Higgins, Foertsch, Burmistrz, and Lawson

32. Each of the foregoing paragraphs is incorporated as if fully restated herein.

33. As described in the above paragraphs, Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON unlawfully seized and detained Plaintiff when they stopped Plaintiff's vehicle and later demanded Plaintiff exit his vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

34. Said actions of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON were intentional and committed with reckless disregard for Plaintiff's rights.

35. As a direct and proximate consequence of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
**(42 U.S.C. § 1983 – Unlawful Search)**
**Against Defendants Higgins, Foertsch, Burmistrz, and Lawson**

36. Each of the foregoing paragraphs is incorporated as if fully restated herein.

37. As described in the above paragraphs, Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON unlawfully searched Plaintiff's vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

38. Said actions of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON were intentional and committed with reckless disregard for Plaintiff's rights.

39. As a direct and proximate consequence of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
**(42 U.S.C. § 1983 – False Arrest)**
**Against Defendants Higgins, Foertsch, Burmistrz, and Lawson**

40. Each of the foregoing paragraphs is incorporated as if fully restated herein.

41. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON fabricated evidence and arrested Plaintiff without probable cause.

42. Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

43. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and

just.

## COUNT IV
### (42 U.S.C. § 1983 – Conspiracy)
### Against Defendants Higgins, Foertsch, Burmistrz, and Lawson

44. Each of the foregoing paragraphs is incorporated as if fully restated herein.

45. As described more fully above, Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

46. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

47. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

48. As a direct and proximate consequence of Defendants HIGGINS, FOERTSCH, BURMISTRZ, and LAWSON'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT V
### (Illinois State Law – Malicious Prosecution)
### Against Defendants Higgins, Foertsch, Burmistrz, Lawson and the City of Chicago

49. Each of the foregoing paragraphs is incorporated as if fully restated herein.

50. Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

51. Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause and placed false charges upon Plaintiff.

52. Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

53. The actions undertaken by Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON and the CITY OF CHICAGO, through its employees and agents, were willful and wanton.

54. On June 6, 2019, the criminal charges against Plaintiff were terminated in his favor in a manner indicative of innocence.

55. As a result of Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON and the CITY OF CHICAGO'S, through its employees and agents, misconduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VI
**(Indemnification)**
**Against the City of Chicago**

56. Each of the foregoing paragraphs is incorporated as if fully restated herein.

57. At all relevant times, Defendant CITY OF CHICAGO was the employer of Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON.

58. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

59. Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

60. As a proximate cause of Defendant HIGGINS, FOERTSCH, BURMISTRZ, LAWSON'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary and emotional injuries.

**WHEREFORE,** should Defendants HIGGINS, FOERTSCH, BURMISTRZ, LAWSON be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLANTIFF DEMANDS TRIAL BY JURY.**

**DATED**: February 7, 2020    Respectfully Submitted,

Thurman Reynolds, Plaintiff

By: /s/ Julian Johnson
Julian Johnson
Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com

8